UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PATRICE HOWARD THOMAS**
1315 N. 75th Street
Apt 2A
Philadelphia, PA 19151

CIVIL ACTION

NO.

v.

**CITY OF PHILADELPHIA**
1515 Arch Street
Philadelphia, PA 19102

## PLAINTIFF'S FIRST COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

Plaintiff, PATRICE HOWARD THOMAS, claims of defendant, City of Philadelphia, a sum in excess of $150,000.00 in damages upon causes of action whereof the following are a statement:

1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of plaintiff, a former employee of the City of Philadelphia's Prison System, who has been harmed by defendant's sexually harassing conduct and retaliatory employment practices.

2.    This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Section 2000(e) . *et seq.*, as amended by the Civil Rights Act of 1991 at 42 U.S.C. Section 1981(a) and also arises under the Americans with Disabilities Act, 42 U.S.C. Section 12010, *et seq.*

### II.    JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331 and Title 42 U.S.C. § 2000e-5(f), which provide for original jurisdiction of plaintiff's claim arising under

the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider plaintiff's claims arising under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA") and the Philadelphia Fair Practices Ordinance Chapter 9-1100 of the Philadelphia Code.

4.    The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. § 1391(c).

5.    All conditions precedent to the institution of this suit have been fulfilled. On August 2, 2017, two Notices of the Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") on EEOC charge number 17G201600083 and EEOC charge number 17G201500054( Ex "A" an Ex "B" attached). This action was filed by the plaintiff within ninety (90) days of receipt of said notices. The plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action under her pendent state law claims.

III.    **PARTIES**

6.    Plaintiff, Patrice Howard Thomas, is an adult individual and a citizen of the State of Pennsylvania with a mailing address of 1315 N. 75th Street Philadelphia PA 19151.

7.    At all relevant times material hereto, defendant, City of Philadelphia, by and through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment and under the direct control of defendant, City of Philadelphia.

8.    At all times material herein, the defendant, City of Philadelphia, was and is a "person(s)" and "employer(s)" as defined under Title VII, and is therefore subject to the provisions of said Act.

9.    The Respondent employs in excess of 100 people.

## IV.    STATEMENT OF CLAIMS

10.    The plaintiff, Patrice Howard Thomas, at all times material, was employed by the defendant, City of Philadelphia, in initially as a cadet in April 2013 and then later as a full time Correctional Officer, a position she had held since approximately August of 2013.

11.    During the course of her employment, the plaintiff performed her job function in a dutiful, competent and courteous manner.

12.    During the course of employment with defendant as a Corrections Officer, since approximately September of 2013, plaintiff (African American female) was subjected to continued and repeated instances of sexually harassing behavior by Sgt. Jerome Barmore. her Supervisor at PPS' CFCF Prison.

13.    More specifically, Sergeant Barmore began making sexual advances toward Plaintiff explaining to her that he noticed her when she was in the training Academy and that he had picked her out from the other new female cadets thereafter promising Plaintiff work related favors if Plaintiff would engage in sexual contact with him. Specifically, Sgt Barmore told Plaintiff that if she agreed to become his "girlfriend" she would be allowed to work wherever she wanted and he would keep her safe in the jail.

14.    Plaintiff was later told by Sgt Barmore that she was considered "fresh meat" and that supervisory officers had first pick of the new officers.

15.    In addition, Barmore made repeated sexually explicit remarks to Plaintiff after she was summoned to his office.

16.    On several occasions starting in September or October of 2013 Barmore would summon Plaintiff to his office and would rub Plaintiff's shoulders and back again convincing Plaintiff that he would keep her safe in the jail and that he would keep her in the A and B buildings (low custody inmates) if she became his girlfriend.

17.    Plaintiff told Sgt. Barmore she didn't think it was a good idea for him to be involved with her because he was her supervisor and Barmore replied indicating that he would take care of

everything; there was nothing for her to worry about and that if Plaintiff didn't become his girlfriend he couldn't guarantee that she would be safe in the jail.

18.    Plaintiff and her supervisor, Sergeant Barmore, then began a physical relationship in approximately November 2013 and Sgt. Barmore continued to supervise her while that relationship was ongoing.

19.    On June 23, 2014 Sgt. Barmore struck Plaintiff on the side of her head when she told him that she wanted to end their relationship.

20.    The blow caused a concussion and damaged Plaintiff's eardrum.

21.    Plaintiff was hospitalized as a result of the incident.

22.    Plaintiff reported this incident to Lt. Alderman of the Philadelphia Prison System on June 24, 2014 and also reported the incident to Lt. Tara Saunders of the Prison Office of Professional Compliance on June 24, 2014.

23.    Major Talmadge called Plaintiff at approximately 11:00am to confirm that Sergeant Barmore was the person who assaulted her.

24.    On June 24, 2014 Plaintiff was interviewed by Lt. Saunders in the PPS Office of Professional Compliance regarding the assault by Sergeant Barmore.

25.    Plaintiff filed complaints with the Philadelphia Police and also with Philadelphia Family Court as a result of the assault by Barmore.

26.    On July 10, 2014 subsequent to Plaintiff filing her complaint with the Office of Professional Compliance, Sgt. Barmore's sister, Nicole Barmore, also a PPS employee, shoved Plaintiff in the PPS Locker Room.

27.    Plaintiff reported the incident to a Sergeant and a Captain.

28.    Subsequent to a hearing on September 28, 2014 in connection with the assault upon Plaintiff, Nicole Barmore, later that day, threatened Plaintiff as she was going through a security check at work, advising her that "You better stop playing these games, I dare you to go to Court again."

29.    As a result of this threat the Plaintiff contacted the Philadelphia District Attorney's Office and at their recommendation she filed another Police report on September 30, 2014.

30.    On October 1, 2014 after Plaintiff had made these formal complaints against Sgt. Barmore she was summoned to the Office of Professional Compliance of the PPS and asked whether at the hearing on September 28, 204 she had used profane language concerning Barmore and another PPS employee, Sgt. Perry who accompanied Barmore to the hearing.

31.    Plaintiff had not used profane language toward Barmore or Perry at the hearing on September 28, 2014 and she advised Saunders that the allegations were untrue.

32.    At the same time Plaintiff asked Lt Saunders about the threats advanced toward her by PPS employee Nicole Barmore and she advised that she was unaware of the incident even though Plaintiff had reported the threats both in writing and verbally to at least 3 separate supervisors.

33.    Saunders then took a formal report and Plaintiff told Lt. Saunders that because Nicole Barmore worked at the same facility as Plaintiff, as a result of the threats made by her, she feared for her safety at work.

34.    Plaintiff through appropriate channels requested a transfer out of the PPS system; in response Plaintiff was initially transferred out of the CFCF Correctional Facility and was moved to the Detention Center; Nicole Barmore was not transferred.

35.    After being transferred to the Detention Center Plaintiff continued to be subjected to workplace harassment as a result of her initial complaint against Sgt. Barmore.

36.    Specifically a supervisor, Sergeant Johnson, who was friendly with Sgt. Barmore refused to take Plaintiff's request for FMLA leave requiring Plaintiff to take her FMLA request to a Captain although such approvals were the purview of Sergeants to act upon.

37.    In January of 2015 Plaintiff was required to issue a conduct write–up on an inmate; the inmate, after initially being transferred to PICC, in a departure from standard practice, was then sent back to the Detention Center and Plaintiff was advised that she would no longer be able to

work in the Dayroom after his transfer back per the Order of Major Adrian Christmas.

38    Additionally at roll call in August of 2015 Major Christmas ordered Plaintiff to receive a write-up for Plaintiff not having a key chain when she in fact had a key holder. The subsequent grievance filed by Plaintiff regarding this inappropriate discipline was not acted upon by the PPS system for workplace grievances.

39.    In November of 2015 Sergeant Johnson in an effort to upset Plaintiff, used multiple communication sources to raise a return call from Sgt Barmore in Plaintiff's presence, using PPS emergency airways communication system, walkie–talkie and PPS phone eventually spoke to with Sergeant Barmore saying, "I don't care Barmore, you're my friend" after this conversation Plaintiff's desk phone was rung with repeated hang-ups.

40.    On March 4, 2016 Plaintiff had been scheduled to work the Center Control area but because Sgt. Johnson was working over-time in this same area Plaintiff's work schedule was changed on March 4th and March 5th.

41.    Plaintiff was the recipient of disparate treatment from a disciplinary context and was also the victim of retaliation after filing her initial internal EEO complaint.

42.    The sexual harassment and disparate treatment which the plaintiff was subjected to, which was gender based, caused the plaintiff to seek medical treatment.

43.    The above actions of defendant's agents/ employees constitute an unlawful or discriminatory practice or unlawful practice as it constitutes unlawful discrimination in an employment setting and are in violation of plaintiff's rights under Title VII of the Civil Rights Act in the occurrence of sexual harassment within the workplace, creating a hostile work environment, condoning/causing retaliation and are also in violation of Pennsylvania's Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection A and the Philadelphia Code.

44.    The allegations contained in the preceding paragraphs constitute an unlawful or discriminatory practice or unlawful practice as it constitutes unlawful discrimination in an

employment setting and is in violation of the plaintiff's rights under Title VII of the Civil Rights Act in the occurrence of sexual harassment within the workplace, creating a hostile work environment, condoning/causing retaliation and are also in violation of Pennsylvania's Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection A and the Philadelphia Code.

## COUNT I
## Title VII
## (Sexual Harassment / Hostile Work Environment:)
## Plaintiff v. Defendant, City of Philadelphia

45.    Plaintiff is Patrice Howard Thomas.

46.    Defendant is City of Philadelphia.

47.    Plaintiff incorporates by reference paragraphs 1 through 44 of her Complaint as though fully set forth herein at length.

48.    Defendant has engaged in unlawful practices in violation of Title VII.  The said unlawful practices for which defendant is liable to plaintiff include but are not limited to: subjecting Plaintiff to unwelcomed sexual harassment at the hands of her supervisor, Sgt. Jerome Barmore, fostering and perpetuating a hostile and offensive working environment, subjecting plaintiff to repetitive and severe unlawful harassment and discrimination based upon her gender, specifically subjecting the plaintiff to the repeated instances of inappropriate sexual contact, remarks and innuendos perpetrated by Sgt. Barmore.

49.    As a direct result of the defendant's willful and unlawful actions in violation of Title VII, plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II

### Title VII
### (Quid Pro Quo Sexual Harassment)
### Plaintiff v. Defendant, City of Philadelphia

50.    Plaintiff is Patrice Howard Thomas.

51.    Defendant is City of Philadelphia.

52.    Plaintiff, Patrice Howard Thomas, incorporates paragraphs 1 to 49 as though set forth fully here at length.

53.    The foregoing conduct constitutes unlawful discrimination prohibited by Tittle VII of the Civil Rights Act in that Plaintiff was subjected to unwelcomed sexual advances at the insistence of her supervisor, J. Barmore, constituting Quid Pro Quo Sexual Harassment.

54.    Specifically Plaintiff was promised more favorable treatment in her workplace if she would yield to the unwelcomed demands for sexual contact with her supervisor, Sgt. J. Barmore.

55.    As a result of Plaintiff's ultimate refusal to continue a relationship initially coerced in the workplace by her supervisor, Plaintiff was subjected to continuous and repeated episodes of workplace harassment and retaliation which, while reported, went unaddressed by her supervisors and by Respondent's internal EEO system.

56.    As above described Plaintiff has been subjected to discipline and unequal treatment in the terms and conditions of her employment subsequent to rejecting the relationship with her supervisor.

## COUNT II

### Title VII
### (Sexual Harassment/Retaliation)
### Plaintiff v. Defendant, City of Philadelphia

57.    Plaintiff is Patrice Howard Thomas.

58.    Defendant is City of Philadelphia.

59.    Plaintiff incorporates by reference paragraphs 1 through 56 of her Complaint as

though fully set forth herein at length.

60. On or about June 24, 2014, Plaintiff filed an internal EEO complaint with the Prison EEO Office based upon her resistance and objection toward sexual harassment/gender based discrimination in employment, an activity protected by Title VII.

61. Plaintiff also later filed an internal complaint with the PPS Office of Professional Compliance subsequent to be victimized by Nicole Barmore in response to Plaintiff complaining about the assault and violence she was subjected to after terminating her relationship with her supervisor.

62. Subsequent to the filing of internal complaints, the plaintiff was compelled to suffer workplace retaliation in the terms and conditions of her employment.

63. Subsequent to the filing of her internal EEO complaint Plaintiff was treated differently from others by her supervisors in terms of discipline for workplace infractions.

64. Later, in November of 2014 Plaintiff filed a complaint with the Philadelphia Human Relations Commission which was served to Respondent and made known to supervisors in her workplace.

65. Subsequent to the filing of that complaint Plaintiff endured retaliation in terms of approval of FMLA leave requests, in terms of the alteration of workplace assignments and the imposition of workplace discipline, all as described above.

66. As a direct result of the defendant's willful and unlawful actions in violation of the Tittle VII, plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III
## PHRA
### (Sexual Harassment/ Hostile Work Environment)
### Plaintiff v. Defendant, City of Philadelphia

67. Plaintiff is Patrice Howard Thomas.

Pennsylvania Human Relations Act and the Philadelphia Code/Philadelphia Fair Practices Ordinance.

76.    As a direct result of the defendant's willful and unlawful actions in violation of the PHRA and Philadelphia Code and Philadelphia Fair Practices Ordinance, plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT V
## PRAYER FOR RELIEF

77.    Plaintiff incorporates by reference paragraphs 1 through 76 of her Complaint as though fully set forth at length herein.

WHEREFORE, plaintiff, Patrice Howard Thomas requests this Court to enter judgment in her favor and against defendant, City of Philadelphia, and order that:

(a)    defendant compensate the plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(b)    defendant pay to plaintiff compensatory damages for back pay loss, future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c)    defendant pay to plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; *and*

(d)    the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

JAFFE & HOUGH

By:_____
TIMOTHY R. HOUGH, ESQ.

By: _____

DIANNE L. ELLIOTT, ESQ.
Attorneys for plaintiff
1907 Two Penn Center Plaza
15TH St. & JFK Boulevard
Philadelphia, PA 19102
215-564-5200
jafhough@aol.com

# EXHIBIT A



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7003 0500 0002 5072 4092

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

August 02, 2017

Ms. Patrice Howard-Thomas
c/o Timothy R. Hough, Esquire
Law Offices of Jaffe & Hough
Two Penn Center Plaza
1500 JFK Blvd., Suite 1907
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia, et al.
     No. 17G201600083

Dear Ms. Howard-Thomas:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia, et al.

# EXHIBIT B



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL

7003 0500 0002 5072 4092

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

August 02, 2017

Ms. Patrice Howard-Thomas
c/o Timothy R. Hough, Esquire
Law Offices of Jaffe & Hough
Two Penn Center Plaza
1500 JFK Blvd., Suite 1907
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia, et al.
       No. 17G201500054

Dear Ms. Howard-Thomas:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                   Sincerely,

                                   John M. Gore
                                   Acting Assistant Attorney General
                                   Civil Rights Division

                                   by *Karen L. Ferguson*
                                      Karen L. Ferguson
                                   Supervisory Civil Rights Analyst
                                   Employment Litigation Section

cc: Philadelphia District Office, EEOC
     City of Philadelphia, et al.